IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODDESHA HARRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-68-J |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 7th day of March, 2025, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and her claim for supplemental security income ("SSI") under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely

because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff is proceeding *pro se* in this case, and *pro se* pleadings are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Holley v. Department of Veterans Affairs*, 165 F.3d 244, 247 (3d Cir. 1999). As such, the Court has reviewed and considered all of Plaintiff's filings in this case and the issues she has raised therein. It has also liberally construed these documents so as to give Plaintiff's arguments the broadest reading possible. Nonetheless, while the Court believes that Plaintiff has done a credible, good-faith job of explaining her position, it is important to understand the limited scope of the Court's authority in this matter. 42 U.S.C. § 405(g) permits a district court to review a final decision of the Commissioner of Social Security. However, judicial review is based solely on the pleadings and the transcript of the record, and the scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. *See* 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues and reviews the findings of fact of the Administrative Law Judge ("ALJ") to determine whether they are supported by substantial evidence). If the district court finds this to be so, it must uphold the Commissioner's final decision. *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986)); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705).

Therefore, the Court is limited to reviewing the record before it to assure itself that this record adequately supports the ALJ's decision that Plaintiff was not disabled during the relevant time period, *i.e.*, the alleged onset date of March 14, 2019 and the date of the ALJ's decision – January 4, 2023. Whether Plaintiff was disabled during some time other than the relevant period is outside the Court's scope of review. Therefore, the Court cannot consider evidence that was not before the ALJ in its determination of whether or not the ALJ's decision was supported by substantial evidence. *See Matthews*, 239 F.3d at 594; *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 360 (3d Cir. 2011). It also may not consider evidence that does not relate to the relevant period. *See Szubak v. Secretary of Health & Human Services*, 745 F.2d 831, 833 (3d Cir. 1984) ("An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied."). Accordingly, the Court cannot consider evidence of Plaintiff's hospitalization in 2014, nor records from after January 4, 2023, that she has submitted to the Court (*e.g.* Doc. Nos. 3-5, 14, 15).

In her various filings with this Court, Plaintiff raises several arguments, including that the ALJ "dismissed letters from [her] psychiatrist as well as [her] therapist." (Doc. No. 3-2, p. 1). While it is not completely clear to which letters she is referring, the Court notes that the record contains a Treatment Plan signed by Randall Orr, M.D., and Todd Slezak, CRNP, in April of

2022 regarding her mental health conditions (R. 640-47), as well as a letter from NP Slezak dated October 5, 2022, explaining that Plaintiff had been diagnosed with Bipolar II Disorder and discussing the impact of her symptoms.  (R. 1061).  However, Plaintiff's argument notwithstanding, the ALJ did expressly address and discuss both of these records in his decision denying benefits.  The ALJ appropriately addressed the Treatment Plan as part of the objective medical record and discussed the findings contained therein.  (R. 18).  He treated NP Slezak's letter as a medical opinion regarding Plaintiff's functional capacity and found it not persuasive.  (R. 20).  The Court holds that these findings had sufficient record support.

For cases such as this one, filed on or after March 27, 2017, the regulations that apply to an ALJ's consideration of medical opinion evidence are set forth at 20 C.F.R. §§ 404.1520c and 416.920c.  Pursuant to these regulations, ALJs are to consider several factors, including the medical source's treating relationship with the claimant, but "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." *See* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c(b) and (c), 416.920c(b) and (c).  The ALJ, applying these regulations, found NP Slezak's opinion to be unsupported by the relevant contemporaneous treatment records and inconsistent with other parts of the record, including the opinions of the state agency reviewing consultants.  He adequately explained the basis for so finding, and substantial evidence supports his decision.

Plaintiff further argues that the ALJ gave insufficient consideration to her own subjective testimony regarding the impact of her symptoms, including the side effects caused by her medications, the menstrual bleeding caused by her adenomyosis that would cause her to be absent more than a day per month, and the aggravation of her symptoms from a 2022 motor vehicle accident.  However, the ALJ expressly discussed each of these issues, finding Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms, including those noted above, to be not entirely consistent with the record.  (R. 13, 16, 17).  In so doing, the ALJ discussed the objective medical evidence, Plaintiff's treatment history, her activities of daily living, and the various medical opinions.  The Court finds that his analysis complied with the governing law and is supported by substantial evidence.

An ALJ's consideration of a claimant's testimony is still often referred to as a "credibility" determination, although that term has been eliminated from the Commissioner's policy concerning "subjective symptom evaluation." *Schneider v. Berryhill*, No. CV 17-1299, 2019 WL 698471, at *2 (W.D. Pa. Feb. 20, 2019) (citing S.S.R. 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016)) (explaining S.S.R. 16-3p "clarif[ied] that the subjective symptom evaluation is not an examination of an individual's character").  The manner of the evaluation, though, remains unchanged in most ways, and many concepts that applied when the evaluation was considered to be one of credibility continue to apply now.  This includes the significant deference given to an ALJ's evaluation of a claimant's subjective testimony.  *See Paula R. v. Comm'r of Soc. Sec.*, No. CV 20-18808 (RBK), 2022 WL 950242, at *5 (D.N.J. Mar. 30, 2022) ("Credibility determinations are 'virtually unreviewable on appeal.'" (quoting *Hoyman v. Colvin*, 606 Fed. Appx. 678, 681 (3d Cir. 2015))).  Such deference is warranted here, given the ALJ's thorough explanation for the basis of his findings.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 7) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 8) is GRANTED as set forth herein.

s/Mark R. Hornak
United States District Judge

ecf:        Counsel of record

cc:         Toddesha Harrell
            109 Kegg Avenue
            Apartment 64
            Johnstown, PA 15904

---

The Court further notes that the issue is not the nature of Plaintiff's diagnoses, but what functional limitations her conditions caused. *See Walker v. Barnhart*, 172 Fed. Appx. 423, 426 (3d Cir. 2006). The ALJ clearly acknowledged that Plaintiff had been diagnosed with Bipolar II Disorder and adenomyosis, as well as her use of medication and the impact of that medication, and included limitations in Plaintiff's residual functional capacity ("RFC") to account for these conditions. As the Court explained above, if supported by substantial evidence, the ALJ's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Hartranft*, 181 F.3d at 360; *Monsour Med. Ctr.*, 806 F.2d at 1190-91; *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). Moreover, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). As discussed herein, the Court has found that substantial evidence supports the ALJ's findings, and the Court therefore is not at liberty to draw its own conclusions from the record.

Finally, to the extent that Plaintiff argues that the ALJ erred in failing to find that she would miss more than a day of work per month because of her symptoms and treatment, thereby precluding her from all work, the Court notes that the ALJ specifically rejected this contention, explaining that the objective medical record did not reflect the frequency or seriousness of symptoms, particularly from Plaintiff's adenomyosis, that would necessitate that many absences. (R. 13). Moreover, Plaintiff provides no evidence that her therapy appointments could not be scheduled outside of her prospective working hours, and thus, there is no indication that Plaintiff would necessarily have to miss full or partial days of work in order to attend her appointments. *See Stull v. Saul*, No. 19-227-E, 2020 WL 5774895, at *1 n.1 (W.D. Pa. Sept. 28, 2020). Therefore, Plaintiff has not established that she would have the necessary absences per month that would preclude her from engaging in work on a regular and ongoing basis.

Accordingly, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports his findings. The Court will therefore affirm.